IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Criminal Action No. 17-cr-00065-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT LAFOND,

    Defendant.
_____

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582(c)**
_____

This matter is before the Court on Defendant Robert LaFond's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c). (Doc. # 80.) After complete review of Mr. LaFond's Motion and the Responses by the Government (Doc. # 85) and the Probation Office (Doc. # 84), and considering the applicable factors set forth in 18 U.S.C. § 3553(a), it is ORDERED that Mr. LaFond's Motion for Reduction of Sentence is DENIED.

FACTORS CONSIDERED:

- Mr. LaFond is a 52-year-old inmate currently housed at FCI Butner II in North Carolina. (Doc. # 85 at 1; Doc. # 80 at 6.)

- On April 4, 2019, Mr. LaFond pleaded guilty to one count of possession with the intent to distribute 500 grams and more of methamphetamine in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and one count of conspiracy in violation of 18 U.S.C. § 371. (Doc. # 60 at 1.) United States District Judge Marcia S. Krieger sentenced Mr. LaFond to 210 months imprisonment in the Federal Bureau of Prisons ("BOP") followed by 5 years of supervised release. (Doc. # 78 at 2–3.)

- Mr. LaFond has served approximately 70 months, or 34% of his sentence. (Doc. # 85 at 4.) His projected release date is February 4, 2032.

- Mr. LaFond submitted a request for reduction of sentence to the warden of FCI Butner II, which the warden denied on July 7, 2022. (Doc. # 80 at 7.) Accordingly, the Government does not dispute that Mr. LaFond has exhausted his administrative remedies and that this Court has jurisdiction to adjudicate the motion. (Doc. # 85 at 1); *see* 18 U.S.C. § 3582(c)(1)(A).

- Mr. LaFond now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. # 80.) He asserts that he has serious health conditions that render him particularly vulnerable to COVID-19. (*Id.* at 5.) Further, he raises several concerns about the conditions at FCI Butner II. (*Id.* at 3–4.) Should he be released, Mr. LaFond indicates that he would go live in Riverside, California, with his elderly mother. (*Id.* at 6.)

- The Court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) if the Court finds that (1) extraordinary and compelling reasons warrant such a reduction; (2) such a reduction is consistent with applicable policy

2

statements issued by the Sentencing Commission;[1] and (3) such reduction is warranted under the circumstances of the case after considering the applicable § 3553(a) factors. *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

- As the movant, Mr. LaFond bears the burden of establishing that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

- The Sentencing Commission has identified several circumstances—such as advanced age, severe physical deterioration, terminal illness, or the death of a caregiver of the defendant's minor children—that may qualify as "extraordinary or compelling reasons" that justify a sentence reduction. USSG § 1B1.13, cmt. n.1(A)–(C). Although the Court is not constrained by the Sentencing Commission's guidance at step one of the 18 U.S.C. § 3582(c)(1)(A) inquiry, the Court concludes that the application notes to USSG § 1B1.13 "still provide[] the best definition and description of 'extraordinary and compelling reasons.'" *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished); *see United States v. McGee*, 992 F.3d 1035, 1045 (10th Cir. 2021) (finding that the

---

[1] Because the United States Sentencing Commission has not promulgated a post-First Step Act policy statement, there currently are no "applicable policy statements" with respect to a motion for sentence reduction brought by a defendant, as opposed to a motion brought by the Bureau of Prisons. *See United States v. Dean*, No. 21-2082, 2022 WL 484241, at *1 (10th Cir. 2022) (unpublished) ("[U]ntil the Sentencing Commission promulgates new policy statements, a district court may consider only the first and third prerequisites for compassionate release under § 3582(c)(1)A) because currently there are no applicable policy statements under the second prerequisite.").

Sentencing Commission's examples of "extraordinary and compelling reasons" are descriptions and not limiting definitions).

- Mr. LaFond asserts that he has serious health conditions that constitute extraordinary and compelling reasons for release. (Doc. # 80 at 5.) Specifically, he states that prior to being transferred to FCI Butner II, he had his first open heart surgery, Type-A Aortic Dissection. (*Id.*) After arriving at Butner, he had a heart attack and was taken out of the facility for another open heart surgery to replace his aortic arch, aortic valve root, and aortic valve. (*Id.*) Mr. LaFond reports that he is "dealing with uncontrolled high blood pressure (even with medication) and a lack of adequate medical care." (*Id.*) Further, he argues that his health conditions place him at a heightened risk of contracting COVID-19, despite being vaccinated, and that he is unlikely to survive to his expected release date. (*Id.* at 5–6.)

- The Government responds that Mr. LaFond has not met his burden of showing extraordinary and compelling circumstances. (Doc. # 85 at 4.) Although the Government agrees that Mr. LaFond has several health issues, the Government contends that "none of them are so severe such that they amount to extraordinary and compelling reasons justifying release." (*Id.*) Rather, the Government provides nearly 800 pages of Mr. LaFond's medical records and argues that those records show that Mr. LaFond "is receiving excellent, diligent, and high quality care at FCI Butner II." (*Id.*) According to the Government, Mr. LaFond either submits a sick call note or is seen in a medical encounter on

    nearly an every week basis, and he has been prescribed multiple different medications for high blood pressure, pain, and anxiety. (*Id.* at 5.) Moreover, the Government notes that Mr. LaFond has received three separate COVID-19 immunizations. (*Id.* at 4.) Although the latest was administered over one year ago, on October 7, 2021, Mr. LaFond is tested for COVID-19 regularly. (*Id.*) Finally, the Government argues that a reduction in sentence is not consistent with the sentencing factors in 18 U.S.C. § 3553(a). (*Id.* at 5–6.)

- The Court finds that Mr. LaFond has not established that his medical conditions constitute extraordinary and compelling reasons justifying compassionate release, such as terminal illness or a permanent physical or medical condition that substantially diminishes Mr. LaFond's ability to provide self-care within the environment of a correctional facility. *See* USSG § 1B1.13, cmt. n.1(A). Although Mr. LaFond has several medical conditions, the Court has reviewed the medical records provided by the Government and is satisfied that Mr. LaFond is receiving adequate medical care and that he does not have a life-threatening medical condition that presents an extraordinary and compelling reason for early release.

- Further, this Court agrees with those courts that have held that the presence of COVID-19 risk factors, standing alone, do not give rise to extraordinary and compelling reasons justifying compassionate release. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's

- statutory role, and its extensive and professional efforts to curtail the virus's spread."); *accord United States v. Korn*, No. 15-CR-81S, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("[I]n this Court's view, the mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme." (emphasis removed)).

- This Court also agrees with those courts that have found that an inmate's vaccination against COVID-19 weighs against a finding of extraordinary and compelling circumstances. *See United States v. Hald*, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (citing *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–46 (D. Ariz. Apr. 5, 2021) for its illustration of a "'growing consensus' that either receiving or refusing COVID-19 vaccination 'weighs against a finding of extraordinary and compelling circumstances'"); *see also United States v. Williams*, No. 5:01-CR-00012-KDB, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021) ("Being vaccinated against COVID-19 seriously undermines Defendant's assertion that 'extraordinary and compelling reasons' warrant his release from prison."); *United States v. Singh*, 525 F. Supp. 3d 543, 546–47 (M.D. Pa. Mar. 11, 2021) ("[T]he Court concludes that Singh's recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with Singh's underlying conditions, no longer presents an extraordinary and compelling reason to grant compassionate release."). The Court notes that Mr.

LaFond last received a vaccination dose in October 2021, which raises some questions about the efficacy of his current immunization. However, Mr. LaFond is tested for COVID-19 regularly.

- Even assuming Mr. LaFond has met his burden of proving extraordinary and compelling circumstances, early release or a sentence reduction would not be appropriate. The Court has fully considered the 18 U.S.C. § 3553(a) factors and finds that early release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate general or specific deterrence to criminal conduct. Mr. LaFond was arrested in January 2017 after a DEA and local law enforcement investigation revealed that he had regularly been transporting large amounts of methamphetamine and numerous firearms back and forth from California to Colorado. When he was stopped, agents found more than 10 pounds of methamphetamine in the car, along with a loaded AR-15 style assault rifle, two loaded handguns, and a loaded revolver. *See* (Doc. # 85 at 5–6.) Mr. LaFond was engaged in a longstanding scheme of exchanging firearms for methamphetamine, by which Mr. LaFond would recruit individuals who did not have felony convictions in western Colorado to purchase firearms for him and then trade those firearms for methamphetamine in California. (*Id.* at 6) The Government asserts that nearly 100 different firearms were identified as having been obtained and transferred via this scheme, and several of those firearms were found to have been involved in criminal acts in California. (*Id.*) Moreover, the Court notes that Mr. LaFond was out on felony

bond from California for drug distribution and weapon charges stemming from an October 2016 arrest when he was arrested in relation to the charges for this case, and his record reflects several prior felony convictions for transportation or possession of a controlled substance. Given these circumstances, the Court finds that allowing Mr. LaFond to serve only one third of his sentence would not reflect the seriousness of the crimes he committed or afford adequate deterrence to his criminal conduct. 18 U.S.C. § 3553(a)(2)(A) & (B).

- Because Mr. LaFond has failed to demonstrate the existence of extraordinary and compelling circumstances to warrant reducing his sentence and because the sentencing factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of his release, early release is not justified. For the foregoing reasons, Mr. LaFond's Motion for a Sentence Reduction (Doc. # 80) is DENIED.

Dated: January 20, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge